IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| WYATT RANCHES OF TEXAS, LLC, § <br>    *Plaintiff*, § <br> § <br> v. § <br> § <br> T-SPA DEPOT LLC, § <br> T-SPA MFG, LLC, § <br> THAO LE, HAI LE (aka HANK LE), § <br>    d/b/a § <br> T-SPA SALON MANUFACTURING, LLC, § <br> T-SPA SALON FURNITURE LLC, § <br> T-SPA LLC, § <br> TSPALLC, and § <br> T-SPA § <br>    *Defendants.* § | CAUSE NO.: _____ <br><br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Wyatt Ranches of Texas, LLC ("Wyatt") bring this Complaint against T-Spa Depot, LLC, T-Spa Mgf LLC, Thao Le, Hai Le (aka Hank Le), and d/b/a T-Spa Salon Manufacturing, LLC, T-Spa Salon Furniture LLC, T-Spa LLC, Tspallc, and T-Spa (collectively, "Defendants"). In support thereof, Wyatt alleges and would show:

### NATURE OF THE ACTION

1. This is an action for willful and reckless trademark infringement, dilution, and other unfair business practices by Defendant(s) of Wyatt's intangible property.

2. Wyatt owns U.S. Registration No. 5,260,053 for the W WYATT RANCHES composite mark as depicted immediately below. Exhibit A.



3. Wyatt owns U.S. Registration No. 7,046,391 for the WYATT RANCHES word mark. Exhibit B.

4. Wyatt owns U.S. Serial No. 97/920,048 for the WYATT RANCHES word mark. Exhibit C.

5. Wyatt owns U.S. Serial No. 97/920,076 for the W WYATT RANCHES composite mark as depicted immediately below. Exhibit D.



6. Wyatt owns U.S. Serial No. 99/037,571 for the W logo mark as depicted immediately below. Exhibit E.



7. Wyatt owns Texas Registration No. 804411860 for the W WYATT RANCHES composite mark as depicted immediately below. Exhibit F.



8. Wyatt owns Texas Registration No. 804411851 for the WYATT RANCHES word mark. Exhibit G.

9. Collectively hereinafter, Wyatt's five trademarks referenced at paragraphs 2-6 of this Complaint are abbreviated "Federal Marks," Wyatt's two trademarks referenced at paragraphs 7 and 8 of this Complaint are abbreviated "State Marks," and Wyatt's seven trademarks referenced at paragraphs 2-8 of this Complaint are abbreviated "Wyatt's Marks."

10. Founded in Duval County, Texas in 1965 by long-prominent luminaries Oscar and Lynn Sakowitz Wyatt of Houston, Texas with continued expansion to this day by one of their sons, Bradford Wyatt, Wyatt owns and operates an ever-expanding assimilation of ranching

divisions in Colorado, South Texas, and West Texas. Oscar Wyatt is internationally known and famous, especially throughout Texas, for his business acumen and charity as evidenced, for example by LULAC awarding him their "very first Lifetime Achievement Award from the first chapter of the League of United Latin American Citizens (LULAC) … at age 99, during their annual banquet in South Texas" in 2024. Exhibit H.

11. Lynn Sakowitz Wyatt is an internationally renowned socialite, who is synonymous with the beauty and fashion industry in which Defendants' goods appear and seek repute. "Known for her impeccable fashion sense," and literally born into that industry, as her grandfather started Sakowitz Department stores in Houston, her "charisma, style and charm are as legendary as her generosity" and has "so positively represented this state that it could easily be renamed The Republic of Lynn." In fact, Houston has a downtown area named "Lynn Wyatt Square," the "cultural gateway for Houstonians and visitors to experience the beauty and power of the nationally and internationally recognized performing arts surrounding it." Exhibit I. Furthermore, Mrs. Wyatt has a new fashion and beauty book slated to launch in April 2025. As such, the Wyatt name is famous in the beauty and fashion industry in Houston (i.e., Defendants reside and operate businesses), throughout Texas, the US, and beyond. *Id*.

12. Routinely over the last 60 years, Wyatt has been news on tv and radio and in print. As one instance of its fame, just last month in February 2025, Wyatt was lauded again for allocating and awarding funds exceeding one million dollars to organizations needing services and enhancing the quality of life in the rural communities of South Texas and beyond. Exhibit J. Part of these charitable contributions was "for 18 to 21-year-old special education students and [*sic*] specializes in teaching them employability skills and independent living. The program

teaches skills so that students with disabilities become independent and productive in everyday living." *Id*. These students include those learning skills in the beauty and fashion industry.

13. Routinely, vehicles emblazoned with the Wyatt's Marks travel throughout Houston and Texas where Defendants reside and operate businesses. Exhibit K.

14. Throughout its existence, Wyatt's charitable contributions have enhanced local infrastructure, supported education, and strengthened emergency services that have met immediate needs and laid the groundwork for long-term community development and resilience. It's no wonder that Wyatt and Wyatt's Marks are famous, distinctive, reputable, and widely recognized and known by the public, especially in Texas. *E.g.*, Exhibit K.

15. Some or all of Wyatt's Marks have been used in U.S. and Texas commerce since at least as early as 1991. Wyatt has used and continue to use all of Wyatt's Marks prior to any of Defendant's use of the same or similar marks as compared to the Wyatt's Marks.

16. Wyatt's Marks are used on or in connection with many goods and services, including, but not limited to cattle, arranging and conducting sales of livestock services, ranching services, land and farm leasing services, and livestock husbandry and farming services. Through Wyatt's success, and its longstanding, extensive, and exclusive use, Wyatt's Marks have become widely known and famous. As a result, Wyatt's Marks have become very valuable.

17. Wyatt first learned about Defendants' use of WYATT and a W logo in February 2025 when a friendly law officer told Wyatt that he didn't know that Wyatt was making and selling spa equipment. Wyatt corrected said officer's actual confusion, investigated the issues, and sent cease-and-desist letters in February 2025 to Defendants and Impression Nails & Spa in Corpus Christi, TX. Exhibit L.

18. Defendants did use, advertise, distribute, and sell spa equipment having an identical W logo as compared to the W logo in some of Wyatt's Marks. Exhibits D, E, K, L.

19. Defendants did use, advertise, distribute, and sell spa equipment having an identical representation of WYATT as compared to WYATT in Wyatt's composite and logo marks. Exhibits D, E, K, L.

20. Defendants did use, advertise, distribute, and sell spa equipment having one or more marks that are similar in appearance to one or more of Wyatt's Marks.

21. Defendants did use, advertise, distribute, or sell spa equipment in the Corpus Christi Division of the Southern District of Texas.

22. Defendants did use, advertise, distribute, or sell spa equipment in Duval County, Texas.

23. Defendants did advertise spa equipment in both the Corpus Christi Division of the Southern District of Texas and Duval County, Texas on the internet from T-Spa's website.

24. On information and belief, neither the displayed "Pedicure Chair" nor anything else on the first page of Exhibit M was ever "Patent Pending" as one or more Defendants claim on Exhibit M.

25. On information and belief, neither the displayed "Pedicure Chair" nor anything else on the first page of Exhibit L is "Patent Pending" as one or more Defendants claim on Exhibit M.

26. On information and belief, Defendants' customers have requested repair and/or return of Defendants' goods bearing the "W" logo and/or WYATT shown in Exhibit L.

27. On information and belief, Defendants' customers have had one or more customers contact one or more Defendants about the quality and/or origin of Defendants' goods bearing the "W" logo and/or WYATT shown in Exhibit L.

28. Defendants have no license or permission to use any of Wyatt's Marks.

29. Defendants have no license or permission from anyone to use the "W" logo or WYATT shown in Exhibit L.

30. Before December 2024, Defendants used, advertised, used, and sold goods bearing the "W" logo or WYATT shown in Exhibit L.

31. In 2023, Defendants used, advertised, used, and sold goods bearing the "W" logo or WYATT shown in Exhibit L.

32. Before December 2023, Defendants used, advertised, used, and sold goods bearing the "W" logo or WYATT shown in Exhibit L.

33. Defendants have admitted to Wyatt that from December 2023 through February 2025, that an estimated 600 spa units were sold that contained the "Flying W" logo is about 600 units.

34. Rather than clean up their bad acts directly, Defendants have stated that they are providing their customers with instructions for removal or cover up of the W logo on Defendants' goods along with a cover-up sticker.  As a result and at best, Defendants are lazily and haphazardly relying exclusively on others to cease-and-desist from their bad acts.  On information and belief, Defendants' rampant bad acts remain and will remain uncured to Wyatt's continued damage.

35. On information and belief, Defendants have sold about 600 spa units and other equipment containing either an identical or similar W logo as compared to the W logo in Wyatt's Marks shown at paragraphs 2, 5, 6 and/or 7.

36. On information and belief, Defendants have sold more than 600 spa units and other equipment containing either an identical or similar representation of WYATT as compared to WYATT in Wyatt's Marks shown at paragraphs 2, 5, and/or 7.

37. Prior to December 2024, Defendants used one or more marks on their manufactured, sold, or advertised goods that are similar in appearance to one or more of Wyatt's Marks. Exhibit N.

38. Prior to December 2024, Defendants used Wyatt on their manufactured, sold, or advertised goods that are similar in appearance to one or more of Wyatt's Marks. Exhibit N.

39. On information and belief, Defendants knowingly used one or more marks on their manufactured, sold, or advertised goods that are similar in appearance to one or more of Wyatt's Marks.

40. On information and belief, Defendants willfully or intentionally used one or more marks on their manufactured, sold, or advertised goods that are similar in appearance to one or more of Wyatt's Marks.

41. On information and belief, Defendants recklessly used one or more marks on their manufactured, sold, or advertised goods that are similar in appearance to one or more of Wyatt's Marks.

42. On information and belief, one or more of Defendants, either on its own or through its agent(s), copied artwork also shown in one or more of Wyatt's composite and logo marks depicted in Exhibits A, D, E, and/or F.

43. It is beyond contrivance that Defendants, either on its own or through its agent(s), created the artwork the "Flying W" logo used on Defendant's spa equipment that is identical or similar to the artwork shown in one or more of Wyatt's composite and logo marks depicted in Exhibits A, D, E, and/or F.

44. Given the repute of the Wyatt's Marks, Lynn Wyatt, and/or Wyatt, and in view of the fact that Defendants reside and operate businesses within this judicial district, chose WYATT and/or

used the Flying W logo on goods to trade on the goodwill, fame, and business reputation associated with Wyatt's Marks, Lynn Wyatt, and/or Wyatt.

45. One or more Defendants infringe one or more of Wyatt's Marks.

46. One or more Defendants have diluted one or more of Wyatt's Marks and/or Wyatt's trade name and/or business reputation by blurring and/or tarnishing.

47. One or more Defendants have damaged Wyatt's Marks and/or Wyatt's trade name and/or business reputation by using, selling, distributing, and/or advertising Defendants' equipment and/or services, which, for example, have false, misleading, and/or dubious characteristics, origins, and/or quality.

48. One or more Defendants willfully intended to trade or harm one or more of Wyatt's Marks or Wyatt's trade name and/or business reputation.

## PARTIES

49. Wyatt Ranches of Texas, LLC is a limited liability company organized and existing under the State of Texas laws and has an address of Main Gate, State Highway 359, Realitos, TX 78376.

50. T-Spa Depot LLC is a limited liability company organized and existing under the State of Texas laws and has a registered office address of 10510 Kinghurst Dr., Houston, TX 77099 and registered agent of Thao Le.

51. T-Spa Mfg, LLC is a limited liability company organized and existing under the State of Texas laws and has a registered office address of 10510 Kinghurst Dr., Houston, TX 77099 and registered agent of Hank Le.

52. Thao Le is an individual and U.S. citizen having an address of 8810 Corbridge Dr., Richmond, TX 77469.

53. Hai Le, also known as Hank Le, is an individual and U.S. citizen having an address of 8810 Corbridge Dr., Richmond, TX 77469.

54. Thao Le and Hai Le are married to each other.

55. T-Spa Salon Manufacturing, LLC, T-Spa Part Accessory LLC, T-Spa Salon Furniture LLC, T-Spa LLC, TSPALLC, and T-Spa are assumed names of one of more of the following: (i) T-Spa Depot LLC; (ii) T-Spa Mfg, LLC; (iii) Thao Le; and (iv) Hai Le. Exhibit O.

56. T-Spa Salon Manufacturing, LLC is not an active limited liability company owned by Thao Le and/or Hai Le.

57. T-Spa Salon Furniture LLC is not an active limited liability company owned by Thao Le and/or Hai Le.

58. T-Spa LLC is not an active limited liability company owned by Thao Le and/or Hai Le.

59. TSPALLC is not an active business entity organized under state law owned by Thao Le and/or Hai Le.

60. T-Spa is not an active business entity organized under state law owned by Thao Le and/or Hai Le.

61. On information and belief, Thao Le and/or Hai Le do not own any portion of any organized business entities other than T-Spa Depot LLC and/or T-Spa Mfg, LLC.

## JURISDICTION AND VENUE

62. This Complaint alleges counts for violating: (a) federal law, including trademark infringement, arising out of the Federal Lanham Act, 15 U.S.C. § 1051 *et seq.* and unfair competition; (b) Texas and common law, including trademark infringement, arising out the Tex. Bus. & Comm. Code § 16.102 *et seq.* and unfair competition; (c) federal and state trademark dilution; and (d) injury to business reputation. This Court has jurisdiction over these counts under 28 U.S.C. §§ 1331, 1338, and 1367(a).

63. This Court has personal jurisdiction over Defendants. Defendants' trademark infringement acts have occurred within this district and have substantially injured Wyatt within this district. Defendants also engage in transacting commercial business principally within this judicial district, maintaining their registered offices in it as well.

64. Venue is proper in this district under 28 U.S.C. § 1391.

**COUNT ONE:  FEDERAL TRADEMARK INFRINGEMENT**

65. Wyatt repeats and incorporates by reference any and all paragraphs of this Complaint as if fully set forth herein.

66. Defendants' unauthorized use of WYATT, the W logo, and/or combination thereof as shown herein, creates a likelihood of confusion with one or more of the Federal Marks, which are valid and owned by Wyatt.  As a result, Defendants infringe one or more of the Federal Marks.

67. Because of Defendants' infringement of the Federal Marks and/or bad acts, Wyatt's reputation and "goodwill" have suffered and will continue to suffer irreparable harm should Defendants' infringement be allowed to continue.

68. Defendants' actions of infringement will continue unless enjoined by this Court.  Pursuant to 15 U.S.C. § 1116, Wyatt seeks a preliminary and permanent injunction against further acts trademark infringement by Defendants of the Federal Marks.

69. Defendants' infringement entitles Wyatt to and Wyatt seeks an order seizing and destroying all of Defendant's goods, labels, signs, prints, packages, wrappers, receptacles, and advertisements that bear or bore any mark identical or similar to the Federal Marks.  15 U.S.C. § 1118.

70. The amount of Defendants' damages is not yet determined.  However, pursuant to 15 U.S.C. § 1117(a), Wyatt is entitled to and seeks Defendants' gross sales, profits, actual damages, costs of this action, and any other relief available under law as may be deemed appropriate and awarded by this Court.

71. Defendants' infringement is not only willful but is done with the intent to use one or more of Wyatt's Marks to enrich themselves unjustly.

72. Defendants' actions warrant an award of enhanced damages. Defendants' actions are willful, reckless, in bad faith, and/or done with full awareness to warrant an award of enhanced damages. Wyatt is entitled to recover attorney fees under 15 U.S.C. § 1117(a).

## COUNT TWO: FEDERAL UNFAIR COMPETITION

73. Wyatt repeats and incorporates by reference any and all paragraphs of this Complaint as if fully set forth herein.

74. Defendants' unauthorized use of WYATT, the W logo, and/or combination thereof as shown herein, misrepresents their products, such as through false or misleading claims about its characteristics, origins, and/or quality, which have deceived customers and harmed Wyatt. As a result, Defendants have engaged in unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a) that damaged Wyatt.

75. Defendants' unauthorized use of WYATT, the W logo, and/or combination thereof as shown herein, is identical or confusingly similar to one or more of Wyatt's Marks so as to lead to an actual or likelihood of consumer confusion regarding the source of Defendants' goods. As a result, Defendants have engaged in unfair competition in violation of the Lanham Act that damaged Wyatt. 15 U.S.C. § 1125(a).

76. Defendants' unlawful competition is not only willful but is done with the intent to use one or more of Wyatt's Marks to enrich themselves unjustly. As a result, Wyatt seeks an order seizing and destroying all of Defendant's goods, labels, signs, prints, packages, wrappers, receptacles, and advertisements bearing any mark identical or similar to Wyatt's Marks. 15 U.S.C. § 1118.

77. Defendants' actions of unfair competition will continue unless enjoined by this Court. Pursuant to 15 U.S.C. § 1116, Wyatt seeks a preliminary and permanent injunction against further acts of unfair competition by Defendants.

78. Defendants' actions of unfair competition have caused and are causing substantial irreparable harm, in an amount not yet ascertained to Wyatt. Pursuant to 15 U.S.C. § 1117, Wyatt is entitled to and seeks Defendants' profits, actual damages, costs of this action, and any other relief available under law as may be deemed appropriate and awarded by this Court.

79. Defendants' actions are willful, in bad faith, and/or with full awareness of its wrongdoing, and warrant an award of enhanced damages. Wyatt is entitled to recover attorney fees under 15 U.S.C. § 1117(a).

## COUNT THREE:  STATE TRADEMARK INFRINGEMENT AND COMMON LAW UNFAIR COMPETITON

80. Wyatt repeats and incorporates by reference any and all paragraphs of this Complaint as if fully set forth herein.

81. Defendants' unauthorized use of WYATT, the W logo, and/or combination thereof as shown herein is a reproduction, copy, and/or colorable imitation of one or more of Wyatt's Marks in connection with selling, distributing, offering for sale, and/or advertising of Defendants' goods in Texas and elsewhere that is likely to deceive or cause confusion or mistake as to the source or origin of Defendants' goods in Texas and elsewhere constitutes trademark infringement and/or unfair competition under the laws of the State of Texas, e.g., Tex. Bus. & Comm. Code § 16.102 *et seq*. and/or common law.

82. Defendants' reproduction, copy, and/or colorable imitation of one or more of Wyatt's Marks in connection with selling, distributing, offering for sale, and/or advertising of Defendants'

goods was and/or is applied: (i) to a label, sign, print, package, wrapper, receptacle, or advertisement intended to be used in selling or distributing Defendants' goods in Texas and elsewhere; or (ii) in connection with the sale or distribution of Defendants' goods in Texas and elsewhere. As a result, Defendants' actions constitute trademark infringement and/or unfair competition under the laws of the State of Texas, e.g., Tex. Bus. & Comm. Code § 16.102 *et seq.* and/or common law.

83. Defendants' infringement and/or unfair competition through Defendants' unauthorized use of one or more of Wyatt's Marks is likely to cause and/or has caused confusion in connection with Wyatt's goods and services and/or with Wyatt's business reputation.

84. Defendants acted with actual knowledge or in bad faith regarding infringement of and/or unfair competition through unauthorized use one or more of Wyatt's Mark through Defendants' unauthorized use of WYATT, the W logo, and/or combination thereof as shown herein.

85. Defendants acted with intent to cause confusion or mistake or to deceive in Defendants' unauthorized use of WYATT, the W logo, and/or combination thereof as shown herein.

86. Defendants' actions entitle Wyatt to the Court enjoining Defendants' infringement and/or unfair competition, and an order that goods in Defendants' possession be delivered to an officer of the Court to be destroyed.

87. Defendants' actions entitle Wyatt to the Court awarding Wyatt all profits Defendants derived from or damages resulting from Defendants' acts of infringement and/or unfair competition.

88. Defendants' actions entitle Wyatt to the Court awarding Wyatt: (i) three times Defendants' amount of profits and damages; and (ii) reasonable attorney's fees.

89. Defendants' actions do not preclude prosecution of Defendants' conduct under the penal laws of the State of Texas.

## COUNT FOUR:  FEDERAL TRADEMARK DILUTION

90. Wyatt repeats and incorporates by reference any and all paragraphs of this Complaint as if fully set forth herein.

91. Defendants' acts blurred and/or tarnished one or more of the Federal Marks and/or Wyatt's trade name to result in dilution under 15 U.S.C. § 1125(c).

92. Defendants' dilution of the Federal Marks and/or Wyatt's trade name will continue unless enjoined by this Court.  Thus, Wyatt seeks a preliminary and permanent injunction against Defendants' further dilution of the Federal Marks and/or Wyatt's trade name.  15 U.S.C. § 1125(c).

93. Defendants' willfully intended to trade or harm one or more of the Federal Marks for which Wyatt seeks and is entitled to:  (a) Defendants' profits; (b) actual damages; (c) costs of this action; (d) an award of enhanced damages, including Wyatt's reasonable attorney fees; (e) an order seizing and destroying all of Defendant's goods, labels, signs, prints, packages, wrappers, receptacles, and advertisements bearing any mark identical or similar to the Federal Marks; and (f) any other relief available under law as may be deemed appropriate and awarded by this Court.  15 U.S.C. §§ 1117, 1118.

## COUNT FIVE:  STATE TRADEMARK DILUTION AND
## INJURY TO BUSINESS REPUTATION

94. Wyatt repeats and incorporates by reference any and all paragraphs of this Complaint as if fully set forth herein.

95. Defendants' infringement of Wyatt's Marks and/or acts constitute dilution and/or injury to business reputation under Tex. Bus. & Com. Code Ann. § 16.103 (West).  Defendants' trademark dilution of Wyatt's Marks will continue unless enjoined by this Court.  Thus, Wyatt seeks a preliminary and permanent injunction against Defendants' further dilution of Wyatt's Marks pursuant to Tex. Bus. & Com. Code Ann. § 16.103 (West) and Tex. R. Civ. P. 680.

96. Defendants' actions entitle Wyatt to the Court enjoining Defendants' dilution and/or injury to Wyatt's business reputation, and an order that goods in Defendants' possession be delivered to an officer of the Court to be destroyed.

97. Defendants acted with actual knowledge or in bad faith regarding dilution of one or more of Wyatt's Marks and/or injury to Wyatt's business reputation.

98. Defendants' actions entitle Wyatt to the Court awarding Wyatt all profits Defendants derived from or damages resulting from Defendants' dilution of one or more of Wyatt's Marks and/or injury to Wyatt's business reputation.

99. Defendants' actions entitle Wyatt to the Court awarding Wyatt:  (i) three times Defendants' amount of profits and damages; and (ii) reasonable attorney's fees.

100.     Defendants' actions do not preclude prosecution of Defendants' conduct under the penal laws of the State of Texas.

## **JURY DEMAND**

Wyatt hereby demands a trial by jury for all issues so triable alleged in this Complaint.

# PRAYER

WHEREFORE, Wyatt prays that:

A. Defendants, their partners, agents, employees, and all persons in active concert, be preliminarily and permanently enjoined from engaging in the acts of trademark infringement, dilution, unfair competition, and injury to Wyatt's business reputation, including without limitation, the use of Wyatt's Marks or any confusingly similar mark thereto;

B. Defendants be ordered to provide an accounting of gross and net profits for their wrongful actions;

C. Defendant's goods, labels, signs, prints, packages, wrappers, receptacles, and advertisements that bear or bore any mark identical or similar to Wyatt's Marks be seized and destroyed;

D. Defendants' actions of trademark infringement, dilution, and unfair competition warrant awarding Wyatt enhanced damages, attorneys' fees, and costs of Court;

E. Judgment be entered for Wyatt against Defendants for damages with prejudgment and post-judgment interest; and

F. Wyatt have such other and further relief as the Court deems it is entitled at law or in equity.

Respectfully submitted,

KEARNEY, MCWILLIAMS & DAVIS

| | |
|---|---|
| Dated: <u>March 31, 2025</u> | */s/ Erik J. Osterrieder*<br>Erik J. Osterrieder<br>SBN: 24013276<br>ejo@kmd.law<br>Jamison B. Walters<br>SBN: 24098573<br>jwalters@kmd.law<br>55 Waugh Drive, Suite 150<br>Houston, TX 77007<br>Tel: (713) 201-0303<br>Fax: (281) 999-5350<br>***Attorneys for Plaintiff Wyatt Ranches of Texas, LLC*** |